# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANDREW LYTER | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 19-664 |
| | : | |
| PENNSYLVANIA STATE POLICE, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**  July 11, 2019

Police officers charged Andrew Lyter for failing to register as a sex offender three times. Represented by counsel to defend at least one of the charges, he plead guilty thinking he had committed a crime and served two jail terms losing several months of his life to prison. When charged again in 2015, Mr. Lyter learned the Commonwealth wrongly placed him on the sex offender registry without a legal basis in September 2001. No court ever found him guilty of a crime requiring registration as a sex offender. But this alleged travesty started when a Dauphin County employee allegedly sent a notice two days after September 11, 2001 wrongly representing the nature of Mr. Lyter's conviction in Dauphin County. After two jail terms in 2003 and 2011, he moved into Berks County who then brought the same wrong charge against him in 2015. Upon Mr. Lyter's motion, Berks County dismissed the 2015 charge and Mr. Lyter is now suing those he believes have some relationship to this harm. But he needs to focus his theories; he cannot sue the Pennsylvania State Police with sovereign immunity or individuals with no personal involvement in the conduct. In the accompanying Order, we dismiss claims against the Pennsylvania State Police and against individual state actors with no plead personal involvement. Mr. Lyter may proceed into discovery against Dauphin County and other remaining defendants who may have some role in the September 13, 2001 wrongful notice leading to convictions and

jail terms for failing to register as a sex offender when no court ever found him to be a sex offender.

## I. Alleged facts

On September 10, 2001, Andrew Lyter plead guilty in the Dauphin County Court of Common Pleas to Access Device Fraud, Theft by Deception, Possession of Instruments of Crime, and Obscene and Other Sexual Materials or Performances.[1] The state court judge sentenced Mr. Lyter "to an aggregate sentence of six-twenty-three-and-a-half months . . . [in] county prison and five years of intermediate punishment."[2]

On September 13, 2001, Colleen M. McGonigal, a Victim/Witness Coordinator for the Dauphin County District Attorney's Office, sent a letter to a detective of the Derry Township Police Department in Dauphin County incorrectly representing "[Mr. Lyter] had pled guilty to 45 counts of Sexual Abuse of Children.[3] He did not. Mr. Lyter alleges those "45 counts were dismissed at the time of his plea,"[4] and "[a] simple review of the sentencing order, filed with the Dauphin County Clerk [of] Court[] on September 17, 2001, demonstrates that [Mr. Lyter] never pled guilty to Sexual Abuse of Children."[5]

Following Ms. McGonigal's September 13, 2001 letter, an unspecified individual at the Pennsylvania State Police told Mr. Lyter he needed to register as a sex offender.[6] Informed he must "register for 10 years or life,"[7] Mr. Lyter met in October 2001 "with Defendant Robert Clark and submitted his information to be included in Pennsylvania's sex offender registry."[8]

### *2003 plea and conviction for failing to register.*

Sometime before February 4, 2003, the Pennsylvania State Police "determined that [Mr. Lyter] was not complying with registration and reporting requirements" and referred the charges to the Dauphin County Sheriff's Department.[9] On February 4, 2003, Dauphin County charged Mr. Lyter "with Failure to Comply with Registration Requirements, a Felony of the Third Degree."[10]

2

Attorney Robert James Daniels, Jr., Esq. represented Mr. Lyter.[11] While allegedly represented, Mr. Lyter plead guilty to the registration charge on June 11, 2003, and received an eleven-and-a-half to twenty-three month sentence in Dauphin County Prison.[12]

### *2011 plea and conviction for failing to register.*

Sometime before December 31, 2008, the Pennsylvania State Police again "determined that [Mr. Lyter] was not complying with registration and reporting requirements" and referred the charges to the Swatara Township Police Department.[13] On December 31, 2008, the Swatara Township Police Department charged Mr. Lyter "with Failure to [Comply] with Registration of Sexual Offenders Requirements, a Felony of the Second Degree."[14] Mr. Lyter plead guilty on March 21, 2011, and the judge sentenced him to three to six years in a state correctional institution.[15]

### *2015 charge and learning Mr. Lyter never needed to register.*

Sometime before August 6, 2015, Mr. Lyter moved to Berks County. The Pennsylvania State Police again "determined that [Mr. Lyter] was not complying with registration and reporting requirements" and referred charges to the Reading Police Department.[16] On August 6, 2015, Reading Police charged Mr. Lyter "with Failure to Verify Address/Be Photographed in connection with his . . . registration requirements, a Felony of the Second Degree."[17] Sergeant John M. Solecki of the Reading Police Department served as the affiant of the charge.[18] After preliminary arraignment, Mr. Lyter moved on January 26, 2017, to dismiss the charge on the ground he "was not actually required to register" as a sex offender.[19] The Berks County District Attorney's Office, "agreeing with [Mr. Lyter] that he was not a person [required] to register," nolle prossed the August 6, 2015 charge on February 14, 2017.[20]

3

### *Mr. Lyter sues for the two jail sentences for conduct not constituting a crime.*

On February 13, 2019, Mr. Lyter sued various individuals and entities for damages to compensate him for the harm he suffered for being convicted for failing to register as a sex offender when in fact he did not need to do so. Mr. Lyter sues the Pennsylvania State Police, Dauphin County, Swatara Township, and the City of Reading. He sues the former commissioners of the Pennsylvania State Police who held the position throughout the years spanning his convictions and registration: Paul Evanko (1996–2003); Jeffrey B. Miller (2003–08); Frank Pawolski (2008–11); Frank Noonan[21] (2011–14); and Tyree C. Blocker (2015–18).[22] We refer to these individuals as "the Commissioners" unless otherwise noted. Mr. Lyter sues former Commanders of the Pennsylvania State Police's Megan's Law Unit: John K. Thierwechter (2001–04); Janet A. McNeal (2004–07); Douglas E. Grimes (2007–11); and Todd L. Harman (2011–17).[23] We refer to these individuals as "the Megan's Law Unit Commanders" unless otherwise noted. Mr. Lyter also sues his former lawyer Robert James Daniels, Jr., Esq.; Michael D. Farling, an employee of Swatara Township Police Department in 2003[24]; John M. Solecki, an employee of the City of Reading Police Department in 2015[25]; Robert Clark; Marcus Brown; and Colleen M. McGonigal.

Mr. Lyter seeks to vindicate numerous alleged constitutional violations under 42 U.S.C. § 1983 along with state claims:

- reckless or intentional failure to investigate against the Pennsylvania State Police, Dauphin County, Swatara Township, City of Reading, Michael D. Farling, John M. Solecki, the Commissioners, the Commanders of the Pennsylvania State Police's Megan's Law Unit, Robert Clark, Colleen M. McGonigal, and John Does;[26]

- malicious prosecution against the Pennsylvania State Police, Dauphin County, Swatara Township, City of Reading, Michael D. Farling, John M. Solecki, the Commissioners, the Commanders of the Megan's Law Unit, and John Does;[27]
- false arrest, illegal seizure, and deprivation of liberty against the Pennsylvania State Police, Dauphin County, Swatara Township, City of Reading, Michael D. Farling, John M. Solecki, the Commissioners, the Commanders of the Megan's Law Unit, and John Does;[28]
- violation of his right to privacy against the Pennsylvania State Police, the Commissioners, the Commanders of the Megan's Law Unit, and John Does;[29]
- restriction on freedom of movement against the Pennsylvania State Police, the Commissioners, the Commanders of the Megan's Law Unit, and John Does;[30]
- conspiracy to deprive constitutional rights against the Pennsylvania State Police, the Commissioners, the Commanders of the Megan's Law Unit, and John Does;[31]
- failure to intervene against the Pennsylvania State Police, Dauphin County, Swatara Township, City of Reading, Michael D. Farling, John M. Solecki, the Commissioners, the Commanders of the Megan's Law Unit, and John Does;[32] and,
- legal malpractice against Robert James Daniels, Jr., Esq;[33] and,
- breach of contract against Robert James Daniels, Jr., Esq.[34]

We dismissed without prejudice for lack of prosecution Mr. Lyter's claims against Michael D. Farling, Colleen M. McGonigal, Janet A. McNeal, and Robert Clark.[35] Swatara Township, Dauphin County, City of Reading, John M. Solecki, and Robert James Daniels, Jr., Esq. have answered Mr. Lyter's complaint.[36]

5

## II. Analysis

Pennsylvania State Police, the Commissioners, the Megan's Law Unit Commanders, and Marcus Brown move to dismiss Mr. Lyter's claims arguing: (1) they are barred under the statute of limitations; (2) the *Heck* doctrine bars Mr. Lyter from using 42 U.S.C. § 1983 to challenge valid state convictions absent a favorable termination; (3) Pennsylvania State Police is not a "person" capable of being sued under § 1983; and (4) the named individual defendants did not have the personal involvement required for liability under § 1983.[37] Defendants also request we transfer venue to the United States District Court for the Middle District of Pennsylvania for claims not dismissed.

Although represented by counsel, Mr. Lyter has not opposed the motion to dismiss. Mindful of our duty to independently examine the content and merit of even unopposed dismissal arguments, we find: (1) Mr. Lyter fails to plead a plausible claim against the Pennsylvania State Police, which is an arm of the Commonwealth shielded by sovereign immunity from claims under section 1983; (2) Mr. Lyter fails to plead the personal involvement of the Commissioners or Megan's Law Unit Commanders; and (3) we must dismiss Marcus Brown given Mr. Lyter's failure to name Mr. Brown as a defendant in any of the complaint's nine claims. Our dismissal of all claims against the moving defendants moots the arguments under the statute of limitations, abstention, and for transfer of venue.

### A. We dismiss all claims against Pennsylvania State Police, a state agency shielded by sovereign immunity from civil rights claims.

Mr. Lyter alleges Pennsylvania State Police commenced and/or continued "baseless prosecution against [him] without probable cause."[38] Pennsylvania State Police moves to dismiss invoking its sovereign immunity under section 1983. "Congress has not abrogated states' sovereign immunity by enacting 42 U.S.C. § 1983," and "Pennsylvania has not waived

6

its consent to suit under § 1983."[39] And "[t]hough, by its terms, the Eleventh Amendment immunizes only 'States' against private actions brought by citizens of other states, it is 'well established' that suits brought by in-state litigants against 'arms' of a state 'may nonetheless be barred by the Eleventh Amendment.'"[40] Our Court of Appeals has held Pennsylvania State Police is an arm of the Commonwealth shielded by sovereign immunity from damages claims under section 1983.[41] Our Court of Appeals is not alone in this finding of immunity. In *Gonzalez v. Doe #1*, Judge Munley last month found "because [Pennsylvania State Police] is a state agency, [Pennsylvania State Police] and its employees, to the extent that they are sued in their official capacity, enjoy Eleventh Amendment protections."[42]

While sovereign immunity does not bar "suits against individual state officials for prospective relief to remedy an ongoing violation,"[43] Mr. Lyter requests only damages as relief from the Pennsylvania State Police and the individual moving defendants.[44] We dismiss Mr. Lyter's claims against the Pennsylvania State Police and against the Commissioners and Megan's Law Unit Commanders to the extent he sues them in official capacities.

### B. We dismiss all individual capacity claims against Pennsylvania State Police and Megan's Law Unit Commanders.

The individual Pennsylvania State Police Commissioners and Megan's Law Unit Commanders argue we must dismiss Mr. Lyter's claims because to the extent he sues these officers in their individual capacities, he fails to plead the officials' personal involvement in any alleged constitutional violation. We agree.

A civil rights plaintiff may not recover against a defendant in a supervisory capacity merely because the defendant-supervisor's employee acted in violation of the Constitution.[45] "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[46]

7

The "[p]ersonal involvement" necessary for liability to attach under section 1983 "can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."[47]

Mr. Lyter's injuries stem from a documentation error in 2001 allegedly committed by Colleen M. McGonigal, an employee of the Dauphin County District Attorney's Office.[48] Mr. Lyter does not plead how Pennsylvania State Police officers could actively supervise or influence Ms. McGonigal's work, as she was employed by the Dauphin County District Attorney's Office.

Although Mr. Lyter pleads the Pennsylvania State Police registered Mr. Lyter as a sex offender at the direction of the Dauphin County District Attorney's Office, Mr. Lyter does not allege the Commissioners and Megan's Law Unit Commanders actually knew Mr. Lyter was not a proper sex offender registrant. Mr. Lyter does not plead he or his legal counsel—or a similarly situated defendant in another case—ever put the Commissioners and Megan's Law Unit Commanders on notice of any alleged defects in his registration or in the registration process generally. Mr. Lyter does not plead the Commissioners and Commanders had a legal duty under Pennsylvania or federal law to individually and independently review underlying sentencing orders and guilty pleas. Absent personal involvement, these supervisors cannot be liable under section 1983. We dismiss all claims against Commissioners and Commanders of the Pennsylvania State Police.

### C. We dismiss Marcus Brown as he is not named in the complaint's counts.

Marcus Brown also moves to dismiss the claims against him.[49] Despite alleging nine[50] detailed counts against various combinations of Defendants, Mr. Lyter does not name Marcus Brown as a defendant in any of those claims. We dismiss Marcus Brown, who is not the subject

8

of any claims or allegations in this case.

## III. Conclusion

We dismiss Mr. Lyter's claims against Pennsylvania State Police, the Commissioners, the Megan's Law Unit Commanders, and Marcus Brown. We deny as moot the requested transfer of venue of the remaining claims.

---

[1] ECF Doc. No. 1 at ¶ 21.

[2] *Id.* at ¶ 22.

[3] *Id.* at ¶¶ 24–25.

[4] *Id.* ¶ 25.

[5] *Id.* at ¶ 26.

[6] *Id.* at ¶ 27.

[7] *Id.* at ¶ 28.

[8] *Id.* at ¶ 29.

[9] *Id.* at ¶ 34.

[10] *Id.* at ¶ 32.

[11] *Id.* at ¶ 35.

[12] *Id.* at ¶ 36.

[13] *Id.* at ¶ 43.

[14] *Id.* at ¶ 41.

[15] *Id.* at ¶ 46.

[16] *Id.* at ¶ 54.

[17] *Id.* at ¶ 52.

[18] *Id.* at ¶ 53.

[19] *Id.* at ¶ 57.

[20] *Id.* at ¶ 63.

[21] The caption of Mr. Lyter's complaint names "Nicholas Noonan," *id.* at p. 1, but Mr. Lyter later alleges claims against "Frank Noonan," *see, e.g., id.* at p. 12. Because Defendants' motion to dismiss clarifies the proper defendant is Frank Noonan, *see* ECF Doc. No. 27 at p. 1, we use the correct name in this opinion.

[22] ECF Doc. No. 1 at ¶ 5.

[23] *Id.* at ¶ 7.

[24] *Id.* at ¶ 13.

[25] *Id.* at ¶ 16.

[26] *Id.* at p. 12.

[27] *Id.* at p. 13.

[28] *Id.* at p. 15.

[29] *Id.* at p. 17.

[30] *Id.* at p. 18.

[31] *Id.* at p. 20.

[32] *Id.* at p. 22.

[33] *Id.* at p. 23.

[34] *Id.* at p. 24.

[35] *See* ECF Doc. Nos. 15, 28.

[36] *See* ECF Doc. Nos. 17, 21, 29.

[37] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[38] ECF Doc. No. 1 at ¶ 86.

[39] *Gonzalez v. Doe #1*, No. 18-2254, 2019 WL 2343085, at *3 (M.D. Pa. June 3, 2019).

[40] *Patterson v. Pennsylvania Liquor Control Bd.*, 915 F.3d 945, 950 (3d Cir. 2019) (internal citation omitted) (quoting *Karns v. Shanahan*, 879 F.3d 504, 512–13 (3d Cir. 2018)).

[41] *See Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) ("The District Court correctly determined that the Eleventh Amendment bars claims for damages against the PSP, a state agency that did not waive its sovereign immunity. To the extent Johnson was sued in his official capacity, he too was immune from suit." (internal citations omitted)).

[42] *Gonzalez*, 2019 WL 2343085, at *2.

[43] *Id.*

[44] ECF Doc. No. 1 at ¶¶ 84(a)–(b), 91(a)–(b), 99(a)–(b), 107(a)–(b), 114(a)–(b), 123(a)–(b), 129(a)–(b).

[45] *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).

[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Bryant v. Kaskie*, 744 F. App'x 39, 41 (3d Cir. 2018) ("Liability in a civil rights action cannot be based on respondeat superior alone, and defendants in such actions must be alleged to have had personal involvement in the wrongs complained of.").

[47] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[48] ECF Doc. No. 1 at ¶ 24.

[49] ECF Doc. No. 27.

[50] Mr. Lyter's complaint contains a tenth count which contains only a demand for a jury trial.